FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 1 1 2020

JAMES W. McCORMACK, CLERK
By:_____
                            DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALLIE TAYLOR, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

4:20-cv-1091-BRW

vs.                                        No. 4:20-cv-____

**ENVOLVE COMMUNITY MANAGEMENT, LLC**                **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Allie Taylor ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Courtney Lowery and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Envolve Community Management, LLC ("Defendant"), he states and alleges as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge___Wilson___
and to Magistrate Judge___Kearney___

## II.      JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendant employed Plaintiff at its facilities located within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff is an individual and resident of Pulaski County.

7.      Defendant is a foreign limited liability company.

8.      Defendant's registered agent for service is Corporation Service Company, at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

9.      Defendant maintains websites at https://www.envolve-csg.com/ and https://www.envolvecommunities.com/.

## IV.      FACTUAL ALLEGATIONS

10.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.      Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as computers, office equipment, tools and maintenance equipment.

13.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14.    Defendant is a property management company.

15.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16.    Defendant employed Plaintiff as an hourly-paid Maintenance Technician from October of 2017 to August of 2020.

17.    Defendant also employed other hourly-paid Maintenance Technicians within the three years preceding the filing of this lawsuit.

18.    As a Maintenance Technician, Plaintiff was primarily responsible for getting apartments ready for new move-ins, a process which included cleaning the apartment, painting and making repairs. Plaintiff was also responsible for performing plumbing, electrical and HVAC repairs. Additionally, Plaintiff was required to pick up trash each morning.

19.    Other Maintenance Technicians had similar duties as Plaintiff.

20.    At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

21.    Defendant also classified other Maintenance Technicians as non-exempt from the overtime requirements of the FLSA and the AMWA.

22.    At all relevant times herein, Defendant directly hired Maintenance Technicians to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23.    Plaintiff regularly received bonuses based on nondiscretionary criteria.

24.    Specifically, Plaintiff was paid a $400.00 bonus when he completed the most "move-ins" (i.e., finished getting an apartment ready for a new occupant) of all the Maintenance Technicians at that apartment complex.

25.    Upon information and belief, other Maintenance Technicians also received these bonuses.

26.    During weeks in which Plaintiff and other Maintenance Technicians worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant failed to include the value of the bonuses that Defendant provided to Plaintiff and other Maintenance Technicians when calculating their overtime rate.

27.    Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

28.     Therefore, Defendant violated the FLSA by not including all forms of compensation, such as bonuses, in the regular rate when calculating Plaintiff's and other Maintenance Technicians' overtime pay.

29.     Upon information and belief, Defendant's bonus policy was the same at all of its locations.

30.     At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

31.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.      REPRESENTATIVE ACTION ALLEGATIONS

32.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

33.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

34.     Plaintiff proposes the following class under the FLSA:

**All Maintenance Technicians who earned a bonus in
connection with work performed in any week in which
they worked over forty hours within the past three years.**

35.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

36.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

37.     The members of the proposed FLSA class are similarly situated in that they share these traits:

A.     They were paid hourly;

B.     They had substantially similar job duties and responsibilities;

C.     They were eligible for and received nondiscretionary bonuses; and

D.     They were subject to Defendant's common policy and practice of failing to pay a proper overtime rate for all hours worked over forty during weeks in which they performed work related to receiving the bonus.

38.     Plaintiff is unable to state the exact number of the class but believes that the class exceeds fifty (50) persons.

39.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

40.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

41.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

42.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

43.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

44.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

46.     Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

47.     Defendant failed to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours per week.

48.     Defendant knew or should have known that its actions violated the FLSA.

49.     Defendant's conduct and practices, as described above, were willful.

50.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

53.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

54.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

57.     Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

58.     Defendant failed to pay Plaintiff and similarly situated employees one and one-half times their regular rate for all hours worked in excess of forty hours per week.

59.     Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

60.     Defendant knew or should have known that its actions violated the FLSA.

61.     Defendant's conduct and practices, as described above, were willful.

62.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

63.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

65.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

66.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

67.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

68.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

69.     Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

70.     Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

71.     Defendant knew or should have known that its practices violated the AMWA.

72.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

73.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Allie Taylor, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.      An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ALLIE TAYLOR, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com