IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALLIE TAYLOR, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 4:20-cv-1091-BRW

**ENVOLVE COMMUNITY MANAGEMENT, LLC**            **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL

COME NOW Plaintiff Allie Taylor and Defendant Envolve Community Management, LLC, by and through their undersigned counsel, and jointly submit the following Joint Motion for Approval of Settlement and Dismissal:

1. Plaintiff initiated this action on September 11, 2020. *See* ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq. *Id*. Plaintiff alleged that that he was not properly paid overtime compensation. *Id.*

2. Defendant disputes that Plaintiff was not properly compensated for overtime hours worked, thereby creating a bona fide dispute as to wages owed. Defendant also disputes that any acts or omissions were not done in good faith as defined by the FLSA and AMWA. As such, bona fide disputes of Plaintiff's claims exist.

3. The parties engaged in discovery regarding Plaintiff's claims and the time and pay records, compensation, and issues related to the underlying merits of his claims against Defendant as well as Defendant's defenses thereto.

Page 1 of 6
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Settlement and Dismissal

4. Following extensive negotiations between counsel, the parties have entered into a Settlement Agreement and Release (Settlement Agreement) for Plaintiff resolving the litigation of his claims for back wages and all other relief in full and requesting dismissal of the claims with prejudice. A copy of the proposed Settlement Agreement is attached hereto as <u>Exhibit 1</u>.

5. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

6. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows

Page 2 of 6
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Settlement and Dismissal

litigation, including the sharing of job duties, pay records, and other files by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

7. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of his own claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

8. The gravamen of Plaintiff's Complaint is that Defendant failed to take into account certain nondiscretionary bonuses when calculating Plaintiff's overtime compensation. Plaintiff was paid bonuses on 8 weeks where he worked over 40 hours per week. To determine his alleged damages, Plaintiff's counsel included the bonuses in calculating his overtime rate, assuming them to be nondiscretionary in nature. The amount Plaintiff was actually paid for overtime was subtracted from the adjusted overtime rate that factored in the bonuses. The difference was the amount the Plaintiff would have received if the bonuses had been included in calculating Plaintiff's overtime premium.

9. Using the above methodology, Plaintiff's counsel calculated Plaintiff's lost wage damages to be $35.06. As shown in the settlement correspondence attached as

Page 3 of 6
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Settlement and Dismissal

Exhibit 2, Plaintiff's original demand was in the amount of $70.13, to account for liquidated damages. Under the terms of the agreed settlement, Plaintiff is receiving over 700% of his self-calculated lost wage damages.

10. The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Following negotiations as to only Plaintiff's alleged back wages, the parties were able to reach an agreement on an amount of attorneys' fees and costs. The attorneys' fees agreed upon by the parties were negotiated at arms' length, separately, and without regard to Plaintiff's claims. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL 2527594 at *2 (8th Cir. 2019). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Id*.

11. In order to ensure that the damages and attorney fees were negotiated separately pursuant to *Barbee*, the parties are submitting their correspondence for the Court's review. *See* Exhibit 2. Counsel for the parties agree that the negotiation of Plaintiff's back wages were at no time affected by the fee award subsequently agreed upon. As such, *the parties do not seek judicial review of the agreed attorney's fee*. Plaintiff's counsel has incurred more than $7,400.00 in billed hours and costs, taking this case from preliminary investigation and Complaint drafting, communications with Plaintiff, exchange of time records and payroll data, damages calculations, and settlement negotiations. Plaintiff's counsel's billing records are provided as Exhibit 3. At a rate

Page 4 of 6
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Settlement and Dismissal

substantially less than Plaintiff's counsel's billing and costs to date, the agreed award of $3,650.00 is reasonable.

12.   Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Plaintiff's Complaint in this action. The parties respectfully request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order approving the Settlement Agreement and dismissing Plaintiff's Complaint with prejudice and for all other relief to which they are entitled.

Respectfully submitted,

**ALLIE TAYLOR, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 5 of 6
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Settlement and Dismissal

      **and**    **DEFENDANT ENVOLVE COMMUNITY MANAGEMENT, LLC**

    FRIDAY ELDREDGE & CLARK, LLP
    2000 Regions Center
    400 West Capitol Avenue
    Little Rock, Arkansas 72201-3493
    Telephone: (501) 370-1526
    Facsimile: (501) 244-5348

    Michael S. Moore
    Ark. Bar No. 82112
    mmoore@fridayfirm.com

    */s/ H. Wayne Young, Jr.*
    H. Wayne Young, Jr.
    Ark. Bar No. 2003128
    wyoung@fridayfirm.com

**Page 6 of 6**
**Allie Taylor, et al. v. Envolve Community Management, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW**
**Joint Motion for Approval of Settlement and Dismissal**