IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALLIE TAYLOR, individually and on behalf of**
**all others similarly situated**                                                                 **PLAINTIFFS**

VS.                                           4:20-CV-01091-BRW

**ENVOLVE COMMUNITY MANAGEMENT**                                  **DEFENDANT**

**ORDER**

The Joint Motion to Approve Settlement (Doc. No. 18) is DENIED, without prejudice.

**I.    BACKGROUND**

This single-plaintiff[1] FLSA case was filed on September 11, 2020.[2] Based on the docket sheet, there were only eleven[3] entries before Plaintiff filed a notice of settlement on July 29, 2021.[4] Ultimately, Defendant agreed to pay Plaintiff $500 for liability – $35 for unpaid overtime, $35 liquidated damages, and $430 for a general release – and $3,650 to the Sanford Law Firm (SLF) for lawyers' fees. Attached to the pending motion are the settlement agreement, "settlement email thread," and SLF's billing records.

---

[1] Although Plaintiff's complaint alleges that the case was filed "on behalf of all others similarly situated," she never filed a motion for conditional certification.

[2] Doc. No. 1.

[3] The filings are a complaint, consent to join, summons, two notices of appearance, answer, initial scheduling order, Rule 26(f) report, motion for extension of time to complete discovery, and an order granting that motion.

[4] Doc. No. 12.

## II.  DISCUSSION

### A.  Separate Negotiations

The Court of Appeals for the Eighth Circuit requires that parties "negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim . . . ."[5]  I must "ensure the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client."[6]

The motion alleges that "[f]ollowing negotiations as to only Plaintiff's alleged back wages, the parties were able to reach an agreement on an amount of attorneys' fees and costs."[7]  It also contends that "[t]he attorneys' fees agreed upon by the parties were negotiated at arms' length, separately, and without regard to Plaintiff's claims."[8]  These assertions are contradicted by the current record.

A June 24, 2021 email from Defendant to Plaintiff reads: "Before we can agree, however, we would like to know your opening demand on fees to give us an idea of our total."[9]  Clearly, liability was not resolved when fees started being discussed.  Plaintiff responded with $5,120 (oddly, this email is time-stamped at 9:39 a.m., but the email it purports to be responding to is dated 11:31 a.m.).  At 1:31 p.m., Plaintiff decided to "withdraw [his] offer."[10]  There is no explanation for why the offer was withdrawn.

---

[5] *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

[6] *Id*. at n.2.

[7] Doc .No. 18.

[8] *Id*.

[9] Doc. No. 18-2 (emphasis added).

[10] *Id*.

2

On July 6, 2021, SLF advised Defendant that "[o]ur client has given us authority to renew his initial settlement demand of $500, exclusive of attorney fees and costs."[11] Defendant offered $2,000 for fees, which SLF rejected. SLF responded, "as Josh [Sanford] mentioned earlier our billing is north fo $5,100. But we will counter with $4,800." Unless some correspondence is missing, the last time Mr. Sanford mentioned fees was in the June 24, 2021 email. Is that the email SLF is referring to? Defendant countered with $2,300. Next, SLF provided its "best offer" of $3,650, which Defendant accepted.[12]

Again, the parties must "negotiate the reasonable fee amount <u>separately</u> and without regard to the plaintiff's FLSA claim . . . ."[13] Perhaps additional documentation will clear things up, but, right now, settlement cannot be approved because it appears the parties did not comply with *Barbee* (clearly not initially and I am unsure whether they complied later).

**B.     Lawyers' Fees**

Plaintiff's claim was worth <u>$70</u>. However, SLF claims to have incurred over $7,000 in fees, which is unreasonable. This number is drastically inflated, as consistently has been the case with SLF billing records. Despite protestations to the contrary, I am not the only judge to make this finding. For example, the records claim that Mr. Sanford billed at $383 an hour and that Ms. Lowery billed at $190 an hour.[14] The reality is that Mr. Sanford and Ms. Lowery are

---

[11]*Id.*

[12]*Id.*

[13]*Barbee*, 927 F.3d at 1027 (emphasis added).

[14]I would also note that these alleged rates are contradicted by SLF's submissions in contemporaneous cases. See *Wright v. Tyler Technologies, Inc.*, No. 4:20-cv-00454-KGB, Doc. No. 43-2 (E.D. Ark. Dec. 28, 2020) (asserting that Mr. Sanford bills at $325/hr and Ms. Lowery bills at $100 and $150/hr); *Oden v. Shane Smith*, No. 4:19-cv-00693, Doc. No. 18-1 (E.D. Ark. Nov. 30, 2020 (asserting that Mr. Sanford bills at $325/hr and Ms. Lowery bills at $150/hr);

never awarded these hourly rates when the rates are contested.[15]  Recently, Judge Moody was "surprised to see that Mr. Sanford has <u>increased</u> his hourly rate to $383, when his request $325 an hour repeatedly has been found to be too high.  It appears that the message is not getting through."[16]  Of course the records also include non-reimbursable billing by a legal assistant, double billing, and excessive interoffice back-and-forth that inappropriately increase the bill, resulting in an unreasonable fee amount.  The point is, SLF has <u>not</u> incurred "more than $7,400" in fees (nor should it on a straight-forward case valued at $70), and it should not be telling opposing counsel in negotiations (and me in the pending motion) that it has.

When Defendant was surprised by the amount, SLF gave a reason.  SLF advised opposing counsel that "client interactions have been a large portion of the work that has been done in this case."[17]  According to the records, there were 3.6 hours out of an alleged total of 32.45 hours spent on communications with the client.  At Ms. Lowery's proposed rate, this would be $684 (and $450 at the reasonable hourly rate of $125 she is typically awarded).  These dollar-amounts – or 11% of overall work – are not "a large portion."

**C.**    **General Release**

According to the settlement agreement, Plaintiff is receiving $430 as a general release of other claims.  These include claims under Title VII, the ADA, FMLA, ADEA, and other claims

---

[15]In the past, SLF has pointed to a handful of cases where the rate was awarded, but in those cases the defendant did not contest the rates.

[16]*Smiley v. Little Rock Donuts, LLC*, No. 4:20-CV-00102-JM, 2021 WL 4302219, at *2 (E.D. Ark. Sept. 21, 2021) (citing cases) (emphasis in original).

[17]Doc. No. 18-3.

"even if Plaintiff does not know or suspect them to exist at the time of signing."[18] However, "the law prevents Defendant from eliciting a waiver of nonwage-related claims . . . ."[19]

## CONCLUSION

For the reasons set out above, the Joint Motion to Approve Settlement (Doc. No. 18) is DENIED, without prejudice.

When the parties refile the motion they must (1) explain why the claim was worth only $35 (a total of $70 with liquidated damages); (2) explain why the original acceptance was withdrawn; (3) explain why Mr. Sanford's mention of fees has a time stamp <u>before</u> the email where Defendant brought up the issue; (4) provide any additional documents that would clear up this issue and the fees/liability discussions (if any); and (5) remove the general waiver of non-FLSA claims from the agreement.

I would also note, that since this settlement has not been accepted by me, it is not final. Defendant is free to reconsider whether it wants to blindly be on the hook for $3,650, when it now knows that SLF provided a fee estimate with inflated rates and excessive hours.

IT IS SO ORDERED this 13th day of October, 2021.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE

---

[18] Doc. No. 18-1.

[19] *Kappelmeier v. Wil-Shar, Inc.*, No. 5:18-CV-05181, 2019 WL 4229686, at *3 (W.D. Ark. Sept. 4, 2019); see also, *King v. Rockline Indus., Inc.*, No. 2:20-CV-02188, 2021 WL 3612281, at *2 (W.D. Ark. Aug. 13, 2021) ("The parties have not shown the settlement of non-wage related claims is not consideration for the settlement of wage related claims. Because the law prevents Defendant from eliciting a waiver of non-wage related claims, the Court will not approve provisions effecting a general release.").