IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALLIE TAYLOR, Individually and on**                                                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                               No. 4:20-cv-1091-BRW

**ENVOLVE COMMUNITY MANAGEMENT, LLC**                          **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

COME NOW Plaintiff Allie Taylor and Defendant Envolve Community Management, LLC, by and through their undersigned counsel, and jointly submit the following Joint Motion for Approval of Liability Settlement:

1. The purpose of this Motion is to seek approval of the settlement of Plaintiff's FLSA and AMWA liability claims, leaving the issue of attorneys' fees and costs to be subsequently agreed or decided. The Parties also seek to address the five issues brought up by the Court in its Order dated October 13, 2021.

2. Plaintiff initiated this action on September 11, 2020. *See* ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq. *Id*. Plaintiff alleged that that he was not properly paid overtime compensation, specifically that he had received non-discretionary bonuses in the relevant period that were not properly included in the regular rate for overtime premium calculation. *Id.*

3. Defendant disputes that Plaintiff was not properly compensated for overtime hours worked, thereby creating a bona fide dispute as to wages owed. Defendant also

Page 1 of 8
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Liability Settlement

disputes that any acts or omissions were not done in good faith as defined by the FLSA and AMWA. As such, bona fide disputes of Plaintiff's claims exist.

4. The parties engaged in discovery regarding Plaintiff's claims and the time and pay records, compensation, and issues related to the underlying merits of his claims against Defendant as well as Defendant's defenses thereto.

5. Following negotiations between counsel, the parties entered into a Settlement Agreement and Release (Settlement Agreement) for seeking to resolve the litigation of his claims for back wages and all other relief in full and requesting dismissal of the claims with prejudice. A copy of the proposed Settlement Agreement was attached to the Parties' Joint Motion for Approval of Settlement and Dismissal, ECF No. 18.

6. This Court denied the Parties' Motion, citing the inclusion of a general release within the settlement agreement. The Court also stated that it appeared the attorneys' fees were not negotiated separately per the holding of *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). Accordingly, the Court found that the settlement was not final and that Defendant was free to reconsider the fee amount.

7. In light of the Court's denial of the Parties' Motion and the reasons for that denial, the Parties determined the best course to cure the Court's concerns and enter into an enforceable settlement agreement was to abandon the original agreement and go back to the drawing board on settlement negotiations. This was necessary as the general release would have to be removed from the agreement, and it constituted the justification for the bulk of the consideration in the original agreement. Also, the original settlement negotiations for the original agreement could not be "cured" as the offending discussion of fees had already occurred.

Page 2 of 8
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Liability Settlement

8. The Parties have re-negotiated Plaintiff's settlement amount, arriving at a new liability number of $200. This lower compromise amount accounts for the fact that the general release has been removed. While the parties have estimated the value of Plaintiff's claim at $35 in back wages as discussed below, the difference between $70, which would be full value of the claim with liquidated damages, and the $200 agreed to settle the claim is value that in Defendant's judgment is justified to resolve the matter. There is also the possibility that further discovery could impact the value of the claim. For example, the current valuation of the claim is based on the bonuses in question being deemed to relate to a particular period of time. If that time period were determined to be different, it could change the value of the alleged back wages due.

9. In order to eliminate any question of the separateness of the fee negotiations in this matter and to comply with the Court's instructions, neither Party has exchanged a settlement offer or demand for Plaintiff's attorneys' fees and costs, nor has the topic been discussed other than to say it will be addressed after liability, since abandoning the original settlement. The parties have agreed to set aside the original fee settlement amount and restart that negotiation anew pending approval of the liability settlement. A copy of the Parties' new agreement is attached as <u>Exhibit 1</u>.

10. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties

Page 3 of 8
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Liability Settlement

are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.*  The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.  However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id*. (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

11. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of job duties, pay records, and other files by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

12. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of his own claims and has concluded that the proposed settlement

Page 4 of 8
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Liability Settlement

provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

13. With respect to Issue 1 raised in the Court's Order, the gravamen of Plaintiff's Complaint is that Defendant failed to take into account certain nondiscretionary bonuses when calculating Plaintiff's overtime compensation. Plaintiff was paid bonuses on 8 weeks where he worked over 40 hours per week. To determine his alleged damages, Plaintiff's counsel included the bonuses in calculating his overtime rate, assuming them to be nondiscretionary in nature. The amount Plaintiff was actually paid for overtime was subtracted from the adjusted overtime rate that factored in the bonuses. The difference was the amount the Plaintiff would have received if the bonuses had been included in calculating Plaintiff's overtime premium.

14. Using the above methodology, Plaintiff's counsel calculated Plaintiff's lost wage damages to be $35.06. A copy of the damages spreadsheet detailing these calculations is attached as <u>Exhibit 2</u>. Plaintiff's original demand was in the amount of $70.13, to account for liquidated damages. Under the terms of the agreed settlement, Plaintiff is receiving over 285% of these maximum damages.

15. The attorneys' fees and costs to be paid to Plaintiff's counsel are not yet agreed and will be negotiated following the Court's approval of this Agreement. Accordingly, Plaintiff's attorneys' fees and costs will in no way detract from or lessen the amount to be paid to Plaintiff pursuant to the Agreement. The Parties agree that, if no agreement is reached regarding attorneys' fees and costs, Plaintiff will file a petition for fees and costs within 21 days of the entry of an Order approving the attached agreement. Under these circumstances, the settlement is fair, reasonable, and adequate.

Page 5 of 8
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Liability Settlement

16. With respect to Issue 2 raised in the Court's Order, the Court inquired as to why a settlement offer on June 24 was withdrawn. To clarify, the offer being withdrawn was that for Plaintiff's liability claims. The reasoning for this withdrawal specifically concerns attorney-client privileged information. Without invading that privilege, the Parties note that this demand was later renewed and accepted. Defendant would add it has no additional information or insight on why the acceptance of the liability offer was withdrawn. Defendant's counsel did not inquire at the time as it was unclear what ultimate impact the withdrawal was going to have, if any, on the negotiations, and Defendant's counsel assumed Plaintiff's counsel would not be at liberty to disclose those reasons due to privileged correspondence with the Plaintiff.

17. The Court also noted that a reply to an email in the settlement correspondence was time-stamped for a time later than the original email. While Plaintiff's counsel does not know the reason for this occurrence as a certainty, they suspect that it has to do with the fact that Courtney Lowery, the attorney who compiled the settlement correspondence, lives in Arizona and is effectively two time zones behind the primary offices of Plaintiff's counsel in Little Rock. This could have made the recorded time stamp 9:39 AM when, in Central time, it was in fact 11:39 AM. Defendant would add that Defendant's counsel's copy of the e-mail in question in Defendant's counsel's e-mail server is time stamped, Thursday, June 24, 2021, 11:39 AM. The prior e-mail in question from Defendant's counsel requesting an opening fee demand is time stamped, Thursday, June 24, 2021, 11:31 AM.

18. With respect to Issue 4 raised in the Court's Order, the parties have agreed to restart settlement negotiations as the way to cure the Court's holding that fees were

Page 6 of 8
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Liability Settlement

not negotiated separately from liability.  There are, however, no additional documents relevant to that original discussion.

Defendant's counsel would add his apologies for unintentionally causing an issue with the request for the opening fee demand.  In counsel's opinion, such a request when liability discussions were effectively at the end did not constitute a co-mingling of negotiations as the answer to the inquiry would not have and did not impact the amounts ultimately agreed upon for either liability or fees.  Defendant's counsel, however, understands and respects the Court's decision to the contrary.  The intent of the question was to give the client a fair estimate of the anticipated total amount of the settlement knowing at that time the amount of the liability portion.

19.   With respect to Issue 5 raised in the Court's Order, the parties have removed the general waiver from the agreement.

20.   Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Plaintiff's Complaint in this action. The parties respectfully request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order approving the Settlement Agreement and dismissing Plaintiff's Complaint with prejudice and for all other relief to which they are entitled.

Page 7 of 8
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Liability Settlement

Respectfully submitted,

**ALLIE TAYLOR, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **DEFENDANT ENVOLVE COMMUNITY
MANAGEMENT, LLC**

FRIDAY ELDREDGE & CLARK, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201-3493
Telephone: (501) 370-1526
Facsimile: (501) 244-5348

Michael S. Moore
Ark. Bar No. 82112
mmoore@fridayfirm.com

*/s/ H. Wayne Young, Jr.*
H. Wayne Young, Jr.
Ark. Bar No. 2003128
wyoung@fridayfirm.com

**Page 8 of 8
Allie Taylor, et al. v. Envolve Community Management, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1091-BRW
Joint Motion for Approval of Liability Settlement**